IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHARITY HOWARD,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **CITY OF HOMEWOOD, AL,** ) <br> ) <br> **Defendant.** ) | Case No: 2:22-cv-0179-AMM <br><br> **JURY TRIAL DEMAND** |

<u>COMPLAINT -- Refiled</u>

Plaintiff Charity Howard ("Plaintiff" or "Howard"), by and through her undersigned counsel, and pursuant to the Court's Orders entered on October 3, 2022 (Doc. 16), and October 13, 2022 (Doc. 18), hereby refiles her redrafted Complaint against Defendant City of Homewood, Alabama ("Defendant" or "Homewood"), for violations of federal law. As grounds for her complaint, Plaintiff states as follows:

**JURISDICTION AND VENUE:**

1. Plaintiff brings this action against the Defendant under Federal Question Jurisdiction, 28 U.S.C. § 1331, arising from Defendant's actions that violated Title VII of the Civil Rights Act of 1964, as amended [Title VII] (42 U.S.C. § 2000e *et seq*) and 42 U.S.C. § 1983 (to enforce both violation of race discrimination under color of law and violation of Plaintiff's free speech rights).

1

2. Venue is proper as Defendant is a municipality incorporated under the laws of the State of Alabama, and situated in Jefferson County, Alabama. In addition, a substantial part of the claim occurred in Jefferson County, Alabama, which is located within the Southern Division of the Northern District of Alabama, and it is where Plaintiff resides.

3. This action commenced when Plaintiff filed her Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination in the Birmingham, Alabama, District Office under her previous last name, Moore, on or about January 4, 2021. The Charge was filed under Charge No. 420-2021-00747.

4. Upon Plaintiff's request, on or about November 16, 2021, the United States Department of Justice Assistant Attorney General, Civil Rights Division, Kristen Clarke, issued a Notice of Right to Sue ("NRTS") to Plaintiff. Plaintiff filed the original action on February 10, 2022: Within ninety (90) days from her receipt of the EEOC's NRTS, and as required under Title VII of the Civil Rights Act of 1964 (and herewith re-attaches a copy of her above-mentioned NRTS).

**PARTIES**

5. Plaintiff is an adult over nineteen (19) years of age who resides in Jefferson County, Alabama.

6.  Defendant is a municipality incorporated under the laws of the State of Alabama and situated in Jefferson County, Alabama.

7.  At all times relevant to the events, acts, and omissions described herein, the Homewood Police Department ("HPD"), Police Chief Tim Ross ("Chief Ross"), as well as any/all HPD Command Staff, HPD decision-makers, as well as all other HPD police officers (both named and unnamed) referred to herein, acted within the line, course, and scope of their employment with Defendant and under the color of law.

## NATURE OF THE ACTION

8.  Plaintiff brings this action to redress unlawful practices and acts of racially based disparate treatment and retaliation, which the Defendant, as Plaintiff's employer, committed.

9.  This lawsuit seeks to redress grievances resulting from the actions of Homewood with respect to Plaintiff's employment and otherwise.

## STATEMENT OF FACTS

10. Plaintiff was previously employed by Defendant as a police department dispatcher in the HPD.

11. Plaintiff began employment with HPD in 2015 and worked in that role until her termination on or about July 9, 2020.

12. Plaintiff is a black female, a member of a protected class under Title VII of the Civil Rights Act of 1964.

13. During Plaintiff's five or so years employed by Defendant, and while working in the HPD dispatch room, it was a common practice for all dispatchers to regularly spend time chatting on social media, surfing the web, and buying products online. It was a common practice for dispatchers to be "online" while on the clock.

14. On Saturday, June 20, 2020, Plaintiff was working as a police dispatcher for Defendant while a protest/demonstration was being held in a park in the City of Homewood for racial justice following the death of George Floyd.

15. On Saturday, June 20, 2020, Plaintiff estimates she spent fifteen (15) minutes on social media, while working as a police dispatcher for HPD, and she looked at comments made about the demonstration on social media.

16. During this time, Plaintiff posted online comments during the Homewood vigil for George Floyd that touted positive community activities and public concern and interest.

17. According to HPD Lieutenant Greg Brundage, a member of the HPD Command Staff, Plaintiff's social media comments did, in fact, speak to matters of public concern, social justice, and racial justice.

.        18.     During her time on social media, Plaintiff did not identify herself as a Homewood or HPD employee, nor were any of her comments mentioning or intertwined with or relating to her job functions or responsibilities.

19.     During this demonstration, Plaintiff made the public comment, "[Name omitted], Hi! Please come out to Black neighborhoods when Chocolate Milk Mommies host [] Baby Showers, 100 Black Men Deep Walk marches through the area an does school supply drives, toy drives, and trunk or treats, Stop the Violence Rallies hosted by 95.7 Jamz, or volunteer with C4 Mentoring group. Oh, let's not forget about all the neighborhood clean-ups performed by New Era Birmingham..." which, spoke -- both separately and in their totality -- to matters of public concern.

20.     During this demonstration, Plaintiff made the comment "Be the change you want to see," and she responded to one person on the platform with the following comment: "[Name omitted] What protest law are they breaking? The right to free assembly?"

21.     According to HPD Chief Ross, all HPD employees are subject to the same policies, but, in point of fact, policies are inconsistently applied, as demonstrated by Plaintiff's situation.

22.     In or around October 2019, Caucasian HPD police dispatcher, Steve Sparks, posted a "meme" on Facebook depicting an elderly Caucasian man holding a large

handgun and red ball cap reading "Right Wing Fanatic." The post included the caption "Too Old to Fight, Too Slow to Run, I'll Just Shoot You and Be Done with It."

23. This meme stayed on social media for at least six (6) months. The HPD police dispatcher, Steve Sparks, was never investigated for this social media post.

24. In or around mid-March 2020, Plaintiff notified Defendant that Internal Affairs Sgt. Doug Finch, had posted a meme on Facebook reading: "WE USED TO STACK GOOKS LIKE YOU FOUR DEEP IN KOREA. USED YOU FOR SANDBAGS." The social media post had been posted for almost three (3) years by that time. It continued to stay "live" for a time after Plaintiff notified Defendant of the offensive social media post.

25. Sgt. Finch, who is Caucasian, was never reprimanded by Homewood. In fact, he was subsequently promoted to Lieutenant.

26. On or about Saturday, June 20, 2020, a HPD police officer, Corporal John Newland, posted racism-laced "rap" videos on social media while in uniform and in an HPD patrol vehicle in at least one of his videos.

27. At least one of Officer Newland's videos celebrated "Valhalla", "Norse Heaven", and he declared "With a Rebel Yell I will prevail." He also included the remark, "Around your neck I flex this choke," and he included the refrain: "Empathy, that's what I feel, but I am always ready for the kill."

28. Corporal Newland's social media videos made the Alabama news. HPD Chief of Police, Chief Ross, gave Corporal Newland a three-day suspension and demoted him from Corporal to Officer.

29. On or about June 24, 2020, Sgt. Finch called Plaintiff and told her she was suspended or put "on leave," but refused to tell Plaintiff why; he instructed her to come to the HPD the next morning for questioning.

30. The same day Sgt. Finch called Plaintiff, she filed a personnel grievance with the Jefferson County Personnel Board, which included an allegation of race discrimination; said grievance constituted a protected activity under Title VII.

31. Plaintiff was interrogated by Sgt. Finch of HPD following her personnel grievance with the Jefferson County Personnel Board, a protected activity under Title VII.

32. Plaintiff felt this interaction constituted a conflict of interest given that Plaintiff and another Black dispatcher had put Defendant on notice of Sgt. Finch's racist Facebook about three months prior; however, Sgt. Finch refused to recuse himself.

33. Plaintiff felt intimidated as Sgt. Finch stood over her and began to question Plaintiff whether she had been at work on a particular day. Sgt. Finch accused Plaintiff of refusing to "cooperate" with an investigation. Plaintiff merely wanted to talk with someone other than Sgt. Finch.

34. Plaintiff filed a second Personnel Board grievance following her session with Sgt. Finch in which she reiterated and added to her allegations of race discrimination within the HPD.

35. Over the next week, Plaintiff repeatedly asked what she had been suspended for, but over and over again Sgt. Finch and other Command Staff members ignored her requests.

36. At the end of the first week of July 2020, HPD finally informed Plaintiff that she had been suspended for, *inter alia*, posting on social media during work, for talking about Corporal Newland (while his case was being "investigated"), and for refusing to cooperate with an HPD investigation.

37. Plaintiff was terminated by Defendant on or about July 9, 2020. This was within two (2) weeks of her filing two (2) separate grievances with the Jefferson County Personnel Board regarding allegations of race discrimination within HPD.

38. As of the date of Plaintiff's termination, Defendant's Policy and Procedure Manual was silent regarding Retaliation.

39. Homewood Police Department's written policy regarding race discrimination (as well as other types of discrimination) is relegated to three (3) vague, sentences, found at the bottom of a page in the middle of an approximately 150-page Policy and Procedure Manual (double-sided, thus totaling about 300 written pages).

40. For at four or five years leading up to Plaintiff's being suspended, or being put "on leave," Defendant had been on actual notice of allegations of racial discrimination within its Police Department, but deliberately refused to address and/or cure racial injustice issues within its Police Department.

41. In July 2016, Chief Ross met with several black HPD officers who were concerned about racial tension within the HPD.

42. One of the black officers who attended the meeting described the meeting and Chief Ross's conduct with disdain, calling it just "bullshitting and cooning."

43. Although Chief Ross promised a "diversity initiative" during the July 2016 meeting, no diversity initiative prior to Defendant's firing Plaintiff, nor had the HPD's employment policies regarding workplace race discrimination been updated prior to Defendant firing Plaintiff.

44. During the July 2016 meeting, at least one black HPD officer present recalled discussions about a particularly racist Caucasian HPD officer calling one of the Black officers "tar baby" among other things. Chief Ross did nothing substantive regarding this in 2016 or afterwards.

45. Although Homewood's Police Department claims to have "zero tolerance" regarding racism within it, in fact, the HPD leadership and decision makers overlook and/or otherwise give short-shrift to racist acts committed by its Caucasian employees.

46. Homewood fails or refuses to adequately train and supervise employees and/or staff members regarding raced-based discrimination within the HPD, largely ignoring ongoing race issues within the HPD, all of which contributed to the retaliation and workplace race discrimination and other civil rights violations Plaintiff suffered.

## CAUSES OF ACTION

### COUNT I
### Title VII – Disparate Treatment Based on Race

47. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 5-7 and 10-46 above as if fully repeated and set forth herein.

48. Plaintiff was treated less favorably than a similarly situated nonprotected employee who was doing the same work.

49. Plaintiff was treated less favorably than various Caucasian employees of Homewood and/or its Police Department that have violated policies and procedures to a the same or greater degree than Plaintiff was alleged to have violated.

50. The circumstances described herein show that a reasonable, objective person could find that but for Plaintiff's race, she would not have suffered the disparate treatment and materially adverse employment actions Defendant perpetrated against her for engaging with social media during work hours.

51. Plaintiff suffered an adverse employment action when she was terminated from her employment on or about July 9, 2020.

52. For four or five years immediately preceding Defendant's race-based disparate treatment of Plaintiff, its decision makers have been on actual notice of racism within its Police Department, but failed or refused to adequately address, let alone cure, such race discrimination within its Police Department.

53. The circumstances described herein show Plaintiff's race was at least a motivating factor for the disparate treatment and materially adverse employment actions Defendant perpetrated against Plaintiff.

54. Defendant's unlawful disparate treatment proximately caused Plaintiff to suffer damages, including humiliation, anxiety, stress, embarrassment, and loss of income.

## COUNT II
### Title VII – Retaliation for Participating in a Protected Act

55. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 5-7; 10-12; 21; and 29-37 above, as if fully repeated and set forth herein.

56. Plaintiff's Personnel Board grievances, which Homewood was notified of prior to firing her, constituted protected activities under Title VII.

57. Plaintiff suffered an adverse employment action when she was terminated from her employment on or about July 9, 2020.

58. Homewood fired Plaintiff within about two (2) weeks of her participating in protected activities, and a causal connection exists between Plaintiff's protected activities and adverse action perpetrated against her.

59. Defendant, by and through its unlawful acts and omissions proximately caused Plaintiff to suffer damages, including humiliation, anxiety, stress, embarrassment, and loss of income.

## COUNT III
## 42 U.S.C. § 1983 – Rase-Based Discrimination

60. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 5-7 and 10-46 as if fully repeated and set forth herein.

61. As a municipality, a government entity, all acts, omissions, race discrimination and the like perpetrated against Plaintiff by Defendant and described herein were done so under the color of law.

62. Homewood violated 42 U.S.C § 1983 by depriving Plaintiff of her civil rights and discriminating against her based on race and under the color of law.

63. Homewood Police Department's written policy regarding race discrimination reflects Defendant Homewood's overall disdain for and/or indifference towards eliminating, or at least making a good faith attempt to substantively address or mitigate race discrimination within the HPD, which effectively constitutes a custom, practice or policy of tolerating workplace race discrimination.

64. Homewood's aforementioned acts and omissions describe its policy-makers' deliberate and conscious choice to follow a course of action to eschew upholding and complying with 42 U.S.C. § 1983's prohibitions against workplace race discrimination, which, in turn, proximately caused the violations perpetrated on Plaintiff.

65. Defendant Homewood, by and through its unlawful acts and omissions, proximately caused Plaintiff to suffer damages, including humiliation, anxiety, stress, embarrassment, and loss of income.

## COUNT IV
## 42 U.S.C. § 1983 – Deprivation of Plaintiff's Right to Free Speech

66. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 5-7; 12-21; and 36-37; as if fully repeated and set forth herein.

67. Plaintiff engaged in public speech when on or about June 20, 2020, she made about a half-dozen comments on a Facebook thread that discussed the racial and social justice demonstrations at a park in Homewood, Alabama.

68. Plaintiff's public speech did not regard and was not intertwined with her employment, and in fact, she did not identify herself as a Homewood employee.

69. One of Defendant's veteran police officers, Lieutenant Greg Brundage, agrees that Plaintiff's June 2020, social media comments were on matters of public concern, and racial and social justice.

70. When Defendant Homewood retaliated against Plaintiff for her exercising her First Amendment right to free speech when it fired her.

71. Defendant deprived Plaintiff of her First Amendment free speech and civil rights under color of law when it fired Plaintiff in retaliation for exercising those rights.

72. Plaintiff's First Amendment right to free speech may be enforced against her public employer, Defendant Homewood, through 42 U.S.C. § 1983, which Defendant violated when it fired her in retaliation for exercising that right.

73. Defendant, by and through its unconstitutional acts and omissions, proximately caused Plaintiff to suffer damages, including humiliation, anxiety, stress, embarrassment, and loss of income.

## **PRAYER FOR RELIEF**

NOW, WHEREFORE, Plaintiff respectfully prays for judgment to be entered against defendant as follows:

A. For Defendant's violation of Plaintiff's civil rights, as set forth in Counts I-IV, award and entry of judgment in favor of Plaintiff and against Defendant for compensatory damages, including, but not limited to, lost income and benefits, mental anguish and other emotional damages.

B. Award and entry of judgment in favor of Plaintiff and against Defendant for compensatory damages for injuries caused by Defendant's retaliation against Plaintiff, as set forth with specificity in Counts II and IV.

C. Injunctive relief in the form of an Order requiring Defendant to do the following:

    i. re-visit and update its discrimination policies;

    ii. require that City Council Members, the Mayor of Homewood, the Chief of Police, Police Department Command Staff, and all employees of the Homewood Police Department undergo updated training regarding Title VII and related employment discrimination laws.

D. Reasonable attorney's costs and fees.

E. Any and all other relief at law or equity to which Plaintiff is entitled to relief.

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

Respectfully filed on this, the 31st day of October 2022.

                                              /s/ *Richard R. Newton*
                                              Richard R. Newton

        /s/ <u>*Richard R. Newton*</u>
        Richard R. Newton,
         Attorney at Law, P.C.
        Counsel for Plaintiff
        2100 Southbridge Pkwy -- Suite 650
        Birmingham, AL  35209
        Tel:  (205) 356-2498
        richardrussellnewton@gmail.com
        ASB-0776-w85r

<u>CERTIFICATE OF SERVICE</u>

      This is to certify that on this, the 31st day of October, 2022, I served the foregoing Plaintiff's Re-Filed Complaint on Defendant City of Homewood via the Court's CM/ECF Document Filing System and/or by sending same by email to its attorneys of record:

Wayne Morse, Esq.        Email:  *wmorse@wskllc.com*
Michael G. Kendrick, Esq.      Email:  *kendrick@wskllc.com*
Waldrep Stewart & Kendrick, LLC
c/o City of Homewood City Hall
2850 19th Street South
Suite 370
Homewood, Alabama 35209


        *s/ Richard R. Newton*

16

|  | U.S. Department of Justice |
|---|---|
|  | Civil Rights Division |
|  | NOTICE OF RIGHT TO SUE WITHIN 90 DAYS |

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

November 16, 2021

Ms. Charity L. Moore
c/o Richard R. Newton, Esquire
Law Office of Richard R. Newton
1203 Regal Ave.
Birmingham, AL  35213

Re:  EEOC Charge Against City of Homewood, Alabama, Homewood Police Dept., et al.
       No. 420202100747

Dear Ms. Moore:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC Birmingham District Office, Birmingham, AL.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                    Sincerely,

                                    Kristen Clarke
                                    Assistant Attorney General
                                    Civil Rights Division

                           by      /s/ Karen L. Ferguson
                                    Karen L. Ferguson
                                    Supervisory Civil Rights Analyst
                                    Employment Litigation Section

cc: Birmingham District Office, EEOC
   City of Homewood, Alabama, Homewood Police Dept., et al.